# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 21-3052**

**September Term, 2021**

**1:21-cr-00024-EGS-1**

**Filed On:** October 19, 2021

United States of America,

      Appellee

    v.

Robert Gieswein,

      Appellant

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**BEFORE:**    Tatel, Rao, and Walker, Circuit Judges

### J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the memoranda of law and fact filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C. Cir. Rule 36.  It is

**ORDERED AND ADJUDGED** that the district court's July 27, 2021, order be affirmed.  Appellant has not shown that the district court clearly erred in finding that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community.  See United States v. Munchel, 991 F.3d 1273, 1282 (D.C. Cir. 2021).   Appellant has been indicted for six felony offenses, including four with a maximum sentence of twenty years of imprisonment and one designated as a federal crime of terrorism.  As we explained in Munchel, "those who actually assaulted police officers and broke through windows, doors, and barricades, and those who aided, conspired with, planned, or coordinated such actions, are in a different category of dangerousness than those who cheered on the violence or entered the Capitol after others cleared the way." Id. at 1284.  Based on the government's proffered evidence, including video recordings, the district court here found that appellant actually committed violent acts on January 6.  Specifically, the district court found that appellant arrived at the Capitol that day with tactical gear and weapons, discharged a chemical spray in the direction of United States Capitol Police officers on multiple occasions, encouraged others to destroy a window through which he and other individuals entered the Capitol, and actively resisted arrest.

Moreover, the district court specifically and reasonably on this record determined that appellant posed "an articulable threat to the community," id. at 1283, based on his willingness to engage in violence on January 6 and his statements condoning lawlessness, and appellant has not shown these findings were clearly erroneous.  And to the extent appellant suggests that the district court failed to make specific findings on the record with respect to the likely effectiveness of his proposed conditions of release, the district court complied with the clear language of 18 U.S.C. § 3142(g) in making its determination of dangerousness, and appellant has not shown that any further inquiry was required.  See United States v. Quaglin, 851 F. App'x 218, 219 (D.C. Cir. 2021) (per curiam).  Finally, appellant has not demonstrated that the district court's assessment of the weight of the evidence against him was clearly erroneous.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after the resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

FOR THE COURT:
Mark J. Langer, Clerk

BY:     /s/
Daniel J. Reidy
Deputy Clerk